CORNELIA T. KOMOLL, Respondent, *v.* SHULTS BREAD COMPANY, Appellant.

First Department, May 2, 1919.

Negligence — damages — claim for suffering from neurasthenia as result of accident — evidence that neurasthenia could be caused by displaced kidney — erroneous exclusion of expert medical testimony.

Where in an action to recover for personal injuries sustained by reason of the negligence of an employee of the defendant the plaintiff claimed that she was suffering from neurasthenia as a result of the injuries sustained and it was proven that she had prior to the accident and still has a displaced kidney and that neurasthenia could be caused by such displacement, it was reversible error to refuse to allow the defendant to ask its medical experts the following question: " Can you say with reasonable certainty whether or not the misplaced kidney is a competent producing cause of her neurasthenic condition? "

APPEAL by the defendant, Shults Bread Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of May, 1918, upon the verdict of a jury for $20,000, and also from an order entered in said clerk's office on the 12th day of May, 1918, denying defendant's motion for a new trial made upon the minutes.

*William Butler*, for the appellant.

*Almond D. Fisk* of counsel [*Joseph P. Shelby* with him on the brief; *Noble, Estabrook & McHarg*, attorneys], for the respondent.

PAGE, J.:

The action is to recover damages for personal injuries sustained by reason of the negligence of the defendant's employee. The chief element of damage was the fact that the plaintiff was suffering from neurasthenia, a result, as the plaintiff claimed, of the injuries sustained by reason of the collision.

It was proven in the plaintiff's case that she had, prior to the accident and still had, a displaced kidney, and that neurasthenia could be caused by such displacement. When, however, the medical experts of the defendant were asked at the conclusion of hypothetical questions, stating the substance of the testimony, " can you say with reasonable certainty whether or not the misplaced kidney is a competent producing cause of her neurasthenic condition? " the questions, on the objection of the plaintiff's attorney, were excluded by the court. This was error. The defendant was entitled to have the questions answered. They had an important bearing on a vital issue of the case — whether the injuries for which she sought to recover were the result of negligent acts of the defendant.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SHEARN and MERRELL, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.